UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| DONALD LLOYD JONES<br>FED. REG. NO. 20250-179 | CIVIL ACTION NO. 14-95<br>SECTION P |
| VS. | JUDGE TRIMBLE |
| WARDEN C. MAIORANA | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Donald L. Jones (hereinafter "Jones"). Jones is an inmate in the custody of the Federal Bureau of Prisons (hereinafter "BOP"), and is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana (hereinafter "FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

I.
BACKGROUND

Jones is a BOP inmate serving a 151 month sentence for distribution of child pornography imposed by the United States District Court for the Southern District of Texas. Doc. 1, p. 1-2. In his application, Jones complains that he was denied appropriate consideration for full-term placement in a Residential Reentry Center (hereinafter "RRC") in accordance with the Second Chance Act.[1] Doc. 1, p. 4. Jones claims that the BOP and FCIO discriminate against

---

[1] The Second Chance Act, Pub.L. 110-199, 122 Stat. 692 (April 9, 2008), amended 18 U.S.C. 3624(c) to provide as follows:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and

-1-

sex offenders by limiting such offenders' RRC placement to a maximum of 90 days. Doc. 1, att. 2, pp. 3-6. Jones contends that this restriction is contradictory to the law passed by Congress pertaining to the Second Chance Act. Furthermore, Jones argues that the restriction amounts to a constitutional equal-protection violation because the BOP does not make placement decisions on an individual basis. *Id.* at pp. 6-7.

As relief for the alleged violations, Jones asks this court to expedite review of this matter and to conduct an evidentiary hearing as to whether he should be released to an RRC. *Id.* at pp. 9-10.

## II.
## LEGAL STANDARDS

**A. *Habeas Corpus* as the vehicle for challenging RRC placement decisions**

Pursuant to 28 U.S.C. § 2241, a federal prisoner may challenge the manner in which his sentence is being executed by filing a petition for writ of *habeas corpus* in the judicial district where he is incarcerated. In order to state a claim for relief pursuant to 28 U.S.C. § 2241, a *habeas corpus* petitioner must allege and establish that he is in custody in violation of the Constitution and laws of the United States.

Importantly, for purposes of the instant case, it is well established that a prisoner may utilize the provisions of § 2241 to challenge the BOP's regulations regarding placement in an RRC, Community Corrections Center (hereinafter "CCC"), or halfway house. *See*, e.g., *Mihailovich v. Berkebile*, 2007 WL 942091 (N.D.Tex. 2007). In *Mihailovich*, a BOP inmate challenged the BOP's refusal to place him in an RRC. The court held that:

---

prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1) (2013).

> [A]s noted in *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (5th Cir. 2005), confinement in a traditional federal prison is 'qualitatively different' from community confinement, and thus justifies utilization of § 2241 for challenging BOP regulations regarding placement in a CCC. 432 F.3d at 243-44. In light of *Sonnier v. Francis*, 217 Fed. App'x. 410 (5th Cir. 2007) ..., the facts of *Carson v. Johnson*, 112 F.3d 818 (5th Cir. 1997), and petitioner's lack of recourse, the Court finds that petitioner properly invoked jurisdiction under § 2241."

*Mihailovich*, 2007 WL 942091 at *4.

### B. Exhaustion

Before Jones may seek relief from this court under § 2241, he must first have exhausted the administrative remedies provided by the BOP. *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir.1990); *Lundy v. Osborn*, 555 F.2d 534, 534-35 (5th Cir.1977). The undersigned is satisfied that Jones has done so.[2] Accordingly, the exhaustion requirement has been met in the instant case.

### C. Governing Statutes

The BOP's discretion to place an inmate in an RRC is governed by 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c)(1). Section 3621(b) grants the BOP the authority to designate the place where the inmate will be imprisoned. The statute states, in pertinent part:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;

---

[2] Jones submitted a BP–9 on or about April 30, 2013. Doc. 1, att. 3, p. 8. He received a response to the BP-9 on May 17, 2013. Doc. 1, att. 3, p. 7. He then filed a BP–10 on or about May 31, 2013. *Id.* at p. 6. The appeal was denied on or about July 31, 2013. *Id.* at p. 5. Jones filed his final administrative appeal, a BP–11, in the BOP's central office on or about September 3, 2013. *Id.* at p. 4. He states that he did not receive a response to his BP–11. Doc. 1, att. 2, p. 4.

>   (3) the history and characteristics of the prisoner;
>   (4) any statement by the court that imposed the sentence
>      (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>      (B) recommending a type of penal or correctional facility as appropriate; and
>   (5) any pertinent policy statement issued by the Sentencing Commission
>   . . .
>
>   Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

18 U.S.C. § 3621(b) (2013).

The second statute, 18 U.S.C. § 3624(c)(1), governs the amount of time before final release that a prisoner may be assigned to an RRC. The Second Chance Act of 2007 amended the statute to extend the maximum time from six to twelve months. The statute now states:

>   The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1) (2013). The Second Chance Act also requires the BOP to formulate regulations[3] which would ensure that placement in an RRC is: (1) conducted in a manner consistent with section 3621(b); (2) determined on an individual basis; and (3) of sufficient

---

[3] The BOP issued its interim rule to conform with the Second Chance Act on October 21, 2008. 73 FR 62440–01. On November 14, 2008, BOP officials issued an additional guidance memorandum which stated that "RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying [such] placement...." *Id*. The BOP issued another memorandum on June 24, 2010, providing that the "decision-making practices are to focus on RRC placement as a mechanism to reduce recidivism," and notes that RRC resources are limited and must be focused on the inmates likely to benefit in anticipated recidivism reduction. *Id*. The memorandum further noted that the inmate's "community support system" was a factor used in determining the length of RRC placement. *Id*.

duration to provide the greatest likelihood of successful integration into the community. 18 U.S.C. § 3624(c)(6).

Notwithstanding Jones' claims to the contrary, 18 U.S.C. § 3624(c) does *not* automatically entitle an inmate to be placed in an RRC. *Elmore v. Cruz*, 2011 WL 1602592 (N.D.Tex. 2011). Rather, the statute simply directs the BOP to consider placing an inmate in an RRC for up to a 12 month period.

### III.
### DISCUSSION

**A. Jones' One-to-Ninety Day Placement in an RRC was Proper**

Jones has failed to identify an actual policy of FCIO or the BOP which limits sex offenders to a maximum of 90 days in an RRC. FCIO-employed case managers make RRC determinations on an individual basis. Doc. 1, att. 3, p. 7. In accordance with the Second Chance Act and BOP policies, Jones' case manager at FCIO evaluated him for RRC placement and recommended that he be so placed for up to 90 days. *Id.* at p. 5.

Based upon the documents submitted by Jones, it is clear that FCIO authorities complied with the requirements of 18 U.S.C. §§ 3621(b) and 3624(c)(1) in making their recommendation. The BOP told Jones in their response to his BP-10 that "institution staff reviewed your case in accordance with the Second Chance Act and …determined you were appropriate for a placement of up to 90 days. We find this recommendation appropriate and it will provide you with a sufficient opportunity to reintegrate into the community." *Id.*

Accordingly, Jones' claim that his arbitrary 90 day placement in an RRC violates the Second Chance Act is without merit and his application for a writ of habeas corpus should be denied in this regard.

### B. Jones Failed to State an Equal Protection Claim

Jones next alleges that FCIO's "policy" of limiting sex offenders to a maximum of 90 days in an RRC violates the Equal Protection Clause because it discriminates against sex offenders. Other than his conclusory allegations, Jones is unable to point to any evidence showing that FCIO has a policy limiting sex offenders to a maximum of 90 days in an RRC. *See Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (holding that conclusory assertions are insufficient to state an equal protection claim).

Even assuming arguendo that FCIO has such a policy, it would not necessarily violate the Equal Protection Clause. In order to succeed on an Equal Protection claim, Jones must show that FCIO treats sex offenders differently from other inmates and that there is no rational basis for the difference in treatment. *See, e.g., Unruh v. Moore*, 2009 WL 1310981 (5th Cir. 2009). The Fifth Circuit has specifically held that "[i]nmates convicted of a sexual offense are not a suspect class, and thus any such classification is only subject to rational basis review." *Bell v. Woods*, 382 Fed. App'x 391, 392 (5th Cir. 2010). The rational basis standard only requires a finding that the classification is rationally related to a legitimate government interest. Case law holds that subjecting inmates who are sex offenders to different parole proceedings is reasonably related to legitimate penological interests. *See, e.g.*, *Brown v. Dretke*, 184 Fed. Appx. 384, 385 (5th Cir. 2006).

Because Jones cannot establish that FCIO has a policy of treating sex offenders differently than other inmates when making decisions on RRC placement, nor could he establish that such a policy would amount to an Equal Protection violation, his equal protection claim fails.

## IV.
## CONCLUSION

For the reasons set forth above,

**IT IS RECOMMENDED** that the Application for a Writ of *Habeas Corpus* be **DENIED and DISMISSED WITH PREJUDICE** because Jones has not shown that he is in custody in violation of the Constitution or laws of the United States.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this order have 14 days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE this 11th day of February, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE